## Case No. 16,203.

### UNITED STATES v. RUCKER.

[1 Am. Law Rev. 217.]

Circuit Court, W. D. Tennessee. 1866.

WAR—TERMS OF CAPITULATION—MILITARY PAROL—TREASON.

[The agreement of capitulation between Generals Sherman and Johnston, in 1865, was the exercise of a belligerent, not a sovereign, right. As to persons included in its terms, it was a military parole, which terminated with the war, and such persons were consequently liable to arrest for treason after the war.]

In this case, General Rucker, who had been arrested for treason, moved to be discharged from arrest, on the ground that he was embraced in the agreement of capitulation between Sherman and Johnston, by which it was stipulated that he should not be molested by the authorities of the United States.

THE COURT held, that the granting of these terms of surrender was "the exercise of a belligerent right, sanctioned by the laws of war; and not that of sovereignty, as distinguished from belligerent. The sovereignty of the government did not reside in the president as the military chief of the nation, and he could not delegate to his subordinate officers in the field any right of sovereignty which did not properly pertain to him in his military character, under the constitution and laws of the United States;" that the agreement was a military parole, intended to terminate with the war; that the court would certainly not have permitted the prisoner to have been arrested on its process, during the war; but that the war was now ended.

THE COURT accordingly refused to discharge the prisoner, but admitted him to bail.